Gulshan Bhatia, Chandani Sagar, Laguna Hills, CA, for Appellees.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

### ORDER *

Andy Mahindru appeals the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's decision quieting title to real property in favor of appellees, Gulshan Bhatia and Chandani Sagar. The BAP held that credibility and factual determinations relating to the parties' intent comprised the central issues in this case, and that the bankruptcy court's conclusion that Mahindru intended to transfer complete equitable title to Bhatia was not clearly erroneous. The BAP fur-

---

* This disposition is not appropriate for publication and is not precedent except as provided

ther held that because the transfer of property extinguished Mahindru's debt to Bhatia, the issue of an accounting of that debt was moot.

We adopt the memorandum disposition of the BAP and affirm its judgment.

**AFFIRMED.**

**Ronald G. WILKINS, Plaintiff–Appellant,**

v.

**UNITED STATES of America; et al., Defendants–Appellees.**

**No. 05–56109.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 18, 2007.

Arthur A. Schulcz, Sr., Esq., Law Offices of Arthur A. Schulcz, Sr., Vienna, VA, Dean R. Broyles, Esq., Law Office of Dean Broyles, Escondido, CA, for Plaintiff–Appellant.

Lewis Yelin, DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, Marleigh Dover, Esq., for Defendants–Appellees.

---

by 9th Cir. R. 36–3.

Before: KLEINFELD and PAEZ, Circuit Judges, and HART,* Senior Judge.

## MEMORANDUM **

The district court properly granted summary judgment to the United States on Wilkins's claims of systemic discrimination in the Navy's early retirement selection process. Statistical evidence that was unrebutted in the district court demonstrated that no systemic discrimination was operating in the early retirement selection process. With regard to Wilkins's remaining claims involving his selection for early retirement, the district court properly found them within the competence of the Navy's administrative appeals process; therefore administrative exhaustion is required.[1]

Wilkins has no standing to pursue his claims that involve generalized critiques of the Navy's management of the Chaplain Corps, including promotion, because he is no longer in the Navy, and thus there is no case or controversy between him and the United States.[2] Discrimination in promotions, were it shown, might, in the absence of other evidence, lend support to the inference Wilkins urged. However, neither Wilkins's showing nor the rest of the evidence in the record establish a genuine issue of fact regarding selection for early retirement.

Because the discovery Wilkins was seeking was futile, the district court did not abuse its discretion in denying Wilkins's 56(f) motion or his motion for additional discovery.[3]

AFFIRMED.

---

* The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. See *Wilkins v. United States,* 279 F.3d 782, 789 (9th Cir.2002).

2. See *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

3. See *DeGrassi v. City of Glendora,* 207 F.3d 636, 643 (9th Cir.2000).